UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BUSINESS ARCHITECTURE GUILD,

    Plaintiff,

v.

Case No. 21-cv-10473
Hon. Matthew F. Leitman

PINNACLE BUSINESS GROUP, INC. *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATE SERVICE (ECF No. 5)

In this action, Plaintiff Business Architecture Guild (the "Guild"), brings federal and state trademark and unfair competition claims against Defendants Pinnacle Business Group, Inc. ("Pinnacle") and Samuel Holcman, who is allegedly an officer of, and the registered agent for, Pinnacle. (*See* Compl., ECF No. 1.) On May 18, 2021, the Guild filed an *ex parte* motion for alternate service. (*See* Mot., ECF No. 5.) The Guild says that it has attempted to serve the Defendants with the Summons and the Complaint but that both Defendants are evading service. (*See id.*) It therefore asks the Court for permission to serve the Defendants by email under Rules 4(e)(1) and 4(h)(1) of the Federal Rules of Civil Procedure. (*See id.*) The Guild also seeks to serve Defendants by sending the Summons and the Complaint via certified mail to Holcman's last known address: 10895 Lakepointe, Pinckney,

1

MI 48169. (*See id.*) Plaintiffs' motion for alternate service is **GRANTED** as set forth below.

I

A

Federal Rule of Civil Procedure 4(h)(1) provides in relevant part that "a domestic or foreign corporation … must be served ... in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." In turn, Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made."

Michigan Court Rule 2.105 governs service of process in the State of Michigan. That rule provides in relevant part that process may be served on a resident or non-resident individual by:

1. delivering a summons and a copy of the complaint to the defendant personally; or

2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. Rule 2.105(A)(1)-(2).

Michigan Court Rule 2.105(I) further provides that substituted service may be appropriate under some circumstances:

1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

3. Service of process may not be made under this subrule before entry of the court's order permitting it.

Mich. Ct. Rule 2.105(I).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an

absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

**B**

The Court concludes that the Guild's motion, supported by the declarations and affidavits of its counsel and process servers, satisfies the requirements for alternative service described above. First, the Guild has sufficiently shown that service of Defendants "cannot reasonably be made" under the usual methods for service of an individual under the Michigan Court Rules: personal service and registered or certified mail. Mich. Ct. Rule 2.105(I)(1). The Guild attempted to personally serve Holcman a total of five times at his last known Michigan address at 10895 Lakepointe, Pinckney, MI. (*See* Aff. of Process Server Robert Baker, ECF No. 5-2, PageID.106.) Additionally, the Guild also attempted to personally serve Holcman four times at Holcman's second home in Florida, located at 768 Oak Shadows Road, Kissimmee, FL 34747. (*See* Decl. of Process Server 5-3, PageID.108.) On one of those occasions, the process server knocked and the door, and when he did so, he saw a man "rush[] up the stairs" and refuse to answer. (*Id.*) Finally, mail sent to Pinnacle's registered address of 30600 Telegraph Rd. Ste 1131, Bingham Farms, MI 48025 is returned as undeliverable. (*See* Decl. of Guild Attorney Matthew Kerry at ¶2, ECF No. 5-1, PageID.101.)

Second, as required under Michigan Court Rule 2.105(2), the Guild submitted a verified motion that is dated within 14 days of filing and is supported by declarations and affidavits of the Guild's attorney and process servers. (*See* Mot., ECF No. 5-1.) The motion and supporting documents explained why the Guild had not been able to successfully serve the Defendants and included the Defendants' last known addresses.

Finally, the ways in which the Court will require the Guild to serve Defendants – *i.e.*, by email and by certified mail to Holcman's last known addresses – are "reasonably calculated to give Defendants actual notice of the proceedings and an opportunity to be heard." Mich. Ct. Rule 2.105(I)(1). Sending the Summons and Complaint to Defendants by email at the addresses identified below will give Defendants actual notice of this action because, as the Guild's counsel has attested, he has used those email addresses to communicate with Defendants. (*See* Kerry Aff. at ¶¶ 5-8, ECF 5-1, PageID.102.) In addition, the Guild's counsel has attested to facts suggesting that Holcman is now living at his second home in Florida, and Holcman therefore is likely to receive notice if the Summons and Complaint are sent to that address. (*See id.* at ¶4, PageID.101.) Finally, serving Defendants at Holcman's last known address in Michigan will further ensure that all known addresses for Defendants are sent a copy of the Summons and Complaint.

Accordingly, for all the reasons stated above, the Guild's motion for alternative service (ECF No. 5) is **GRANTED** as follows: the Guild shall serve Defendants with a copy of (1) the Summons, (2) the Complaint, and (3) this order by all of the following methods:

- Mailing the Summons, Complaint, and this order, via certified mail and ordinary mail, to Holcman's last known address in Michigan: 10895 Lakepointe, Pinckney, MI 48169;

- Mailing the Summons, Complaint, and this order, via certified mail and ordinary mail, to Holcman's last known address in Florida: 768 Oak Shadows Road, Kissimmee, FL 34747; and

- Emailing the Summons, Complaint, and this order to the following email addresses: sam@bacoe.org and sam@eacoe.org.

The Guild shall also file Certificates of Service with the Court after it serves Defendants as directed in this order.

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: May 24, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 24, 2021, by electronic means and/or ordinary mail.

                                         s/Holly A. Monda
                                         Case Manager
                                         (810) 341-9764